IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE A. BAHR,<br><br>      Plaintiff,<br><br> v.<br><br>LT. RATTI, et al.,<br><br>      Defendants.<br>_____/ | No. C 11-02749 SBA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, proceeding pro se, has filed the instant civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred in San Francisco County,[1] which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Lt. Ratti and "Intake Officer 850 Bryant." Plaintiff seeks injunctive relief and monetary damages.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

---

[1] The Court assumes the incident alleged in the complaint took place at the San Francisco County Jail at 850 Bryant Street San Francisco, CA 94103, because Plaintiff states that as his "Institution Address" and names "Intake Officer 850 Bryant" as a defendant. (Compl. at 1.)

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**II.     Legal Claims**

   **A.     Excessive Force**

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted).

Specifically, Plaintiff alleges that he was taken into custody after he witnessed Defendant Ratti "manhandle" an African American female who was "drunk." (Compl. at 2.) Plaintiff was then taken to a cell where "deputies held [him] up" while Plaintiff's tooth was "knocked out." (Id.) Plaintiff does not clarify whether it was Defendant Ratti who "knocked out" his tooth, or whether it was another officer. Either way, Plaintiff claims that he sustained injuries, i.e., a lost tooth.

It seems that Plaintiff's only allegation in the complaint is that someone "knocked out his tooth," possibly during arrest or shortly afterwards when he was brought to the jail. To be sure, the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under § 1983. See Graham, 490 U.S. at 394-95. Here, however, Plaintiff has failed to allege even the most basic facts regarding the alleged use of force, such as the date or location of the use of force. Because Plaintiff names "Intake Officer 850 Bryant" as a defendant, the Court assumes the incident took place at the San Francisco County Jail, but the exact location is not entirely clear in the complaint. Also, it is unclear whether it took place during arrest or at some other time. Most importantly, Plaintiff has failed to allege who used excessive force against him and what each defendant did individually to contribute to the alleged use of excessive force. To state a cognizable claim against individual defendants, Plaintiff must "set forth specific facts as to each individual

2

defendant's" role in depriving him of his protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Furthermore, liability may be imposed only if Plaintiff can allege and show that the defendant actually and proximately caused the deprivation of a federally protected right.  See id. Plaintiff will be given leave to amend the complaint to set forth additional facts regarding the alleged use of force, and to set forth specific facts showing that each individual Defendant's actions proximately caused a violation of plaintiff's constitutional rights, provided he can do so in good faith.

### B. Claim Against Doe Defendant

Plaintiff identifies "Intake Officer 850 Bryant," whose name he intends to learn through discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against this Defendant are DISMISSED from this action without prejudice.  Should Plaintiff learn this Defendant's identity through discovery, he may move to file an amended complaint to add this Defendant as a named defendant.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### III. Exhaustion

Another question which must be answered before Plaintiff can proceed with any claims for monetary damages is whether he has exhausted available administrative remedies with respect to his claims.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.  See McKinney v.

Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. See Porter, 534 U.S. at 525.

A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 124 S. Ct. 50 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. Id.

Plaintiff marks "YES" when asked if he "present[ed] the facts in his complaint through the grievance procedure." (Compl. at 1.) However, he does not indicate the appeal number or the date as well as the result of the appeal at each level of review. Nor does he indicate if he exhausted his administrative remedies through the highest level of review. It thus appears from the face of the complaint that he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Therefore, his claims are subject to dismissal. If Plaintiff did exhaust his administrative remedies with respect to his claims before filing this action, he may amend his complaint to so allege, as set forth below. Otherwise, the action will be dismissed without prejudice to refiling after exhausting his administrative remedies. See McKinney, 311 F.3d at 1199-1201.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's excessive force claim is DISMISSED WITH LEAVE TO AMEND if he can truthfully allege facts meeting the standards explained above.

2. The claims against the Doe Defendant are DISMISSED WITHOUT PREJUDICE.

3. If Plaintiff did exhaust his administrative remedies with respect to his claims before

4

filing this action, he may amend his complaint to so allege.  Otherwise, the action will be dismissed without prejudice to refiling after exhausting his administrative remedies.

4. Within **thirty (30) days** from the date of this Order, Plaintiff may file an amended complaint as set forth above.  Plaintiff must use the attached civil rights form, write the case number for this action -- C 11-02749 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  **The failure to file an amended complaint by the thirty-day deadline will result in the dismissal of this action without prejudice.**

5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: __7/15/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STEVE A. BAHR,

        Plaintiff,

  v.

RATTI et al,

        Defendant.

Case Number: CV11-02749 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steve A. Bahr SF#445793
San Francisco County Jail
11664862
850 Bryant Street
San Francisco, CA 94103

Dated: July 19, 2011

                          Richard W. Wieking, Clerk
                          By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Bahr2749.DWLA.wpd        6